## WARREN et v PRATHER

Ohio Appeals, 1st Dist, Butler Co

No 680. Decided June 5, 1936

John D. Andrews, Hamilton, and Theodore I. Weiss, for plaintiffs in error.

Frank F. Wessel, Hamilton, and Ben A. Bickley, Hamilton, for defendant in error.

## OPINION

By HAMILTON, J.

This law suit grows out of a breach of the covenant of general warranty in the conveyance of the real estate described in the petition.

The defendants demurred to the petition, which demurrer was overruled by the trial court, to which the defendants excepted, and this ruling of the court is made a point of error in the case. We will consider this assignment of error first.

The substance of the petition is that the defendants deeded to the plaintiff in fee simple the property described therein, and covenanted that they were the true and lawful owners of said premises and had full authority to convey the same; that at the time of the execution and delivery of the deed the defendants were not the true and lawful owners of the premises, and did not have full power to convey the same, but were only the owners of a contingent life interest; that he, the plaintiff, for a valuable consideration, conveyed the premises to Chalmus Lowes, his heirs and assigns; that said Chalmus Lowes thereupon became possessor of the same. Then follows this statement:

"Plaintiff was obliged to, and, on the 26th day of April, 1932, did pay to the owners of the reversionary interest the sum of six hundred dollars ($600.00), no part of which sum has been repaid to plaintiff."

It will be noted that in the petition the only allegation concerning a covenant of general warranty and a breach thereof is the allegation that the defendants covenanted that they had full power to convey, and that they were the true and lawful owners. The allegation concerning the conveyance to Lowes by plaintiff does not allege any covenant of general warranty to defeat the title upon which this action must be based. True, there is the allegation that plaintiff was obliged to pay the owners of the reversionary interest, but that, of course, is a legal conclusion. In the absence of the allegations referred to, the petition was insufficient upon which to predicate a right to recover from these defendants. This requires a reversal of the judgment. See **B. & O. v Wilson, 31 Oh St 555; and DeWeese v Svgs. Ass'n, 126 Oh St 480.**

It is urged as a ground of error that there was a failure of proof to establish a paramount title in other parties to that of the present owner Lowes, the grantee of the plaintiff. The title is shown by the deeds introduced in evidence, which show a complete chain of title and the conveyancing of 9/10th of the reversionary interest to grantee Lowes, for which Prather, the plaintiff in the action, paid $600.00. The evidence is that the purchase price of the property was $950.00. Under the rule in Ohio, in an action to recover damages for a breach of covenant of seisin and of goods right to convey, the measure of damages is the consideration, with interest from the time of conveyance. The amount sued for and the judgment rendered of $600.00 is well within the amount recoverable under the rule of law stated. The chain of title is shown by the deeds in the record of exhibits, to complete a good title to Lowes

with the exception of possibly the interest of one heir at law of Emily O. Miller, so that the only outstanding paramount title, is that of the 1/10th interest, represented by one heir at law of Emily O. Miller.

Something is suggested regarding the expiration of the leasehold from Miami University, but we do not consider this important or as affecting the rights of the parties.

For the error in overruling the demurrer of the defendants to the petition the judgment will be reversed and the cause remanded to the Court of Common Pleas of Butler County, with instructions to sustain the demurrer, with leave to amend and for further proceedings according to law.

ROSS, PJ, and MATTHEWS, J, concur.